J. S04039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LARRY E. FUTRELL, | : | No. 1182 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 5, 2017,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0000615-1997

BEFORE: SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 22, 2018**

Appellant, Larry E. Futrell, appeals from the July 5, 2017 order of the Court of Common Pleas of Dauphin County dismissing without a hearing his fourth *pro se* petition filed pursuant to the Post-Conviction Relief Act (hereinafter, "PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following procedural history:

> On January 3, 1997, [appellant] was charged with one (1) count Rape, one (1) count Involuntary Deviate Sexual intercourse, one (1) count Aggravated Indecent Assault, one (1) count Indecent Assault, one (1) count Statutory Sexual Assault, and one (1) count Corruption of Minors.[1] Appellant] was arrested by the Swatara Township Police on that date. A jury trial was conducted between

---

[1] 18 Pa.C.S.A. §§ 3121(a), 3123(a), 3125(a), 3126(a), 3122.1, and 6301(a), respectively.

November 18 and November 20, 1997 before the Honorable Lawrence F. Clark Jr., now retired. [Appellant] was represented by John M. Shugars, Esquire. [Appellant] was found guilty by the jury on all counts and sentenced to an aggregate term of fifteen (15) years to life incarceration at a State Correctional Institute. On February 17, 1998, [appellant] filed a post sentence motion which was denied on March 2, 1998.

On June 22, 1998, [appellant] filed a *pro se* PCRA petition. On October 11, 199[9], Judge Clark granted a resentencing in light of the Pennsylvania Supreme Court holding in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). All other issues raised in [appellant's] PCRA petition were denied. On November 15, 1999, [appellant] was resentenced to an aggregate term of fifteen (15) to sixty (60) years['] incarceration in a State Correctional Institute. [Appellant] appealed to the Superior Court who affirmed the judgment of sentence on July 28, 2000,[2] and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 20, 2000.[3]

On December 26, 2003, [appellant] filed a second *pro se* PCRA petition. After conducting an independent review the court found [appellant's] claims [to be] without merit and accordingly dismissed his petition on June 28, 2004.

On April 25, 2011, [appellant] filed a third *pro se* PCRA petition. Attorney Jonathan W. Crisp was appointed as PCRA counsel for [appellant]. Attorney Crisp filed a Petition to Withdraw, along with a letter of "no merit" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On December 28, 2011, the

---

[2] *Commonwealth v. Futrell*, No. 90 MDA 2000, unpublished memorandum (Pa.Super. filed July 28, 2000).

[3] *Commonwealth v. Futrell*, 764 A.2d 49 (Pa. 2000).

> Court granted Attorney Crisp's Motion to Withdraw, and gave its notice of intent to dismiss the PCRA petition. On April 10, 2012, [appellant's] PCRA petition was dismissed.
>
> On December 1, 2016, [appellant] filed a fourth *pro se* PCRA petition. In his petition, [appellant] challenges the legality of his sentence. [Appellant] alleges the trial court imposed a mandatory sentence under 18 Pa.C.S.A. § 7508 which was facially void pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Newman*, [99 A.3d 86 (Pa.Super. 2014) (*en banc*)].

PCRA court opinion, 3/3/17 at 1-2.

On March 3, 2017, the PCRA court filed a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1). On July 5, 2017, the PCRA court dismissed appellant's petition. Appellant filed a notice of appeal to this court on July 27, 2017. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a) in which it incorporated the language of its March 3, 2017 opinion filed with its notice of intent to dismiss appellant's PCRA petition.

Appellant raises the following issues for our review:

> 1. Was the appellant sentenced to a harsher sentence due to his mental illness a sentence that would not of been given to a normal person? [sic]

> 2. Did the sentence given by the Dauphin County Court of Common Please [sic] contain the same format as multiple other statutes that were struck down as unconstitutional?

Appellant's brief at 5.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, 709 A.2d 849, 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of

one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. *See* 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. *See Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

*Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court denied appellant's post-sentence motion on March 2, 1998. Appellant did not file a direct appeal with this court. Accordingly, appellant's judgment of sentence became final on

J. S04039/18

April 1, 1998.[4]  Appellant filed the instant petition on December 1, 2016—more than 17 years after his judgment became final and more than 16 years after a PCRA petition could be considered timely.  **See** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement.  A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i)    The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[4] The fact that appellant's first PCRA petition was successful, resulting in a resentencing is inapposite here.  "[A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition . . . affected [the petitioner's] sentence only."  **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008), citing **Commonwealth v. Dehard**, 730 A.2d 991, 994 n.2 (Pa.Super. 1999), **appeal denied**, 745 A.2d 1218 (Pa. 1999).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

In the instant appeal, appellant fails to demonstrate any of the exceptions to the PCRA time-bar. For his first issue, appellant appears to be challenging the discretionary aspects of his sentence while also alleging "interference by government officials with the presentation of the claim." (Appellant's brief at 6.) Appellant fails to provide any information as to when the alleged interference by government officials ceased to exist. Moreover, this allegation is belied by the certified record before us, which reflects that appellant filed three PCRA petitions prior to the instant appeal. Accordingly, we do not have jurisdiction to consider this issue on its merits.

For his second issue, appellant appears to be averring that his sentence was based on a finding-of-fact by the sentencing court that appellant suffered from mental illness. Appellant specifically cites two cases from the Supreme Court of the United States, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Harris v. United States*, 536 U.S. 545 (2002). Assuming, *arguendo*, that the Supreme Court did recognize a new constitutional right that it held to be retroactive, appellant had 60 days from

the date of the Court's decision in **Harris** to file a PCRA petition.[5] **See** 42 Pa.C.S.A. § 9545(b)(2). The Supreme Court announced its decision in **Harris** on June 24, 2002. Accordingly, in order to successfully plead an exception to the PCRA time-bar, appellant would have had to file his petition by August 23, 2002. Therefore, we find that we do not have jurisdiction to consider appellant's second issue on its merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018

---

[5] We note that the holding in **Harris** was overruled by the Supreme Court in **Alleyne v. United States**, 570 U.S. 99 (2013), on June 17, 2013. Even if appellant had framed his issue as an **Alleyne** argument, he would have been required to file his PCRA petition by August 16, 2013, to successfully plead an exception to the PCRA time-bar.